

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

NICOLE MALLOY
Vs.                                                                 C.A. No.        2013 CA 000250 B
ASSOCIATION OF STATE AND TERRITORIAL SOLID WASTE M

### INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge JUDITH N MACALUSO
Date: January 11, 2013
Initial Conference: 9:30 am, Friday, April 12, 2013
Location:  Courtroom 415
           500 Indiana Avenue N.W.
           WASHINGTON, DC  20001

**EXHIBIT A**

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

_N.cole Malloy_
_____
Plaintiff

vs.

_Association of ~~Solid~~ States+Territorial Solid_
_Waste Management Officials_
_Serve: Mary Zdonowicz, Exec. Director_ Defendant
_440 N. Capitol Street, Suite 315_
_Washington, DC 20001-1529_

Case Number  __0000250-13__

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Neil Himon_
Name of Plaintiff's Attorney

_4416 EW Highway, Suite 900_
Address
_Bethesda, MD 20814_

_301-841-7105_
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date _1/11/2013_

如需翻译,请打电话 (202) 879-4828    . Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



# TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
## DIVISIÓN CIVIL
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Teléfono: (202) 879-1133**

_____
                                    Demandante

contra

                                    Número de Caso: _____

_____
                                    Demandado

## CITATORIO

Al susodicho Demandado:

    Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

    A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

Nombre del abogado del Demandante
_____

Por: _____
                Subsecretario

Dirección
_____

_____

Fecha _____

Teléfono

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

    Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

NICOLE MALLOY
723 SHERIDAN STREET
HYATTSVILLE, MARYLAND 20783

    Plaintiff,

v.

ASSOCIATION OF STATE AND TERRITORIAL
SOLID WASTE MANAGEMENT OFFICIALS
444 N CAPITOL STREET, NW, SUITE 315
WASHINGTON, DC 20011-1529

    Serve: Mary Zdanowicz, Exec. Director
           444 N. Capitol Street, NW, Suite 315
           Washington, DC 20011-1529

Civil Action No.

0000250-13

RECEIVED
JAN 1 1 2013
District of Columbia
Washington, D.C.

## COMPLAINT

Nicole Malloy, Plaintiff, by and through her undersigned counsel, hereby sues Association of State and Territorial Solid Waste Management Officials (ASTSWMO) for violation of the D.C. Human Rights Act of 1977, as amended, and Title VII of the Civil Rights Act of 1964, Retaliation and violation of the DC Minimum Wage Act and Fair Labor Standards Act (FLSA), and in support thereof, states as follows:

### PARTIES

1. Plaintiff is an adult resident of the State of Maryland. At all times relevant to this cause of action, Plaintiff was an employee of Defendant in Washington, DC.

2. Defendant ASTSWMO is a trade association with its primary place of business located in Washington, DC.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to DC Code Ann. §11-921.

4. Venue is proper in this Court because Defendant maintains its principal place of business in the District of Columbia and all of the facts alleged herein occurred in the District of Columbia.

## FACTS OF THE CASE COMMON TO ALL COUNTS

5. Plaintiff, an African American female, was employed by Defendant from August 1991, through and including, December 6, 2011, when she was improperly terminated.

6. Plaintiff was employed in a number of different positions, her final position being that of Office Manager with an annual salary of $80,000.00.

7. Over the course of her employment, Plaintiff received consistently excellent performance evaluations and received a number of promotions and pay increases.

8. In July, 2009, Plaintiff complained to Mary Zdanowicz, Defendant's Executive Director, that she felt that she was being harassed due to her race.

9. In or about August, 2009, and in response to her complaint of harassment, Defendant placed Plaintiff on a Performance Improvement Plan (PIP).

10. In 2011, when one of Plaintiff's co-workers left the organization, her duties were distributed to Plaintiff and other co-workers. Plaintiff received a 2.5% pay increase for assuming these new duties, while Plaintiff's white co-workers received pay increases in excess of 15% for assuming new duties.

11. Plaintiff complained to Mary Zdanowicz about this pay disparity, yet no action was ever taken by Defendant to remedy Plaintiff's complaint.

12. At various times, Plaintiff complained to Cheryl Coleman, one of Defendant's board members, that she was being watched, singled out, pressured and treated differently by Mary Zdanowicz because of her race.

13. Plaintiff was suspended on December 6, 2011, received notice of her termination on January 11, 2012 with an effective termination date of January 13, 2012, because of her race and her prior complaints about harassment and unequal treatment in violation of Federal and DC law.

14. For at least the 3 years prior to Plaintiff's termination, Defendant classified Plaintiff as an exempt employee.

15. However, Plaintiff should have been classified as a non-exempt employee and paid overtime for any hours in excess of 40 that she worked in any pay period.

16. Defendant did not keep track of Plaintiff's work hours.

17. Plaintiff's normal working hours were from 9am-530pm.

18. Additionally, Plaintiff regularly worked until 7pm at least two or three days every week and regularly worked between 45-50 hours per week, without receiving any overtime compensation.

19. Plaintiff also regularly worked on weekends when needed.

20. Defendant failed to pay Plaintiff for any overtime that she worked, in violation of the Fair Labor Standards Act and the DC Minimum Wage Act.

21. Plaintiff's hourly wage was $38.46/hour.

22. Plaintiff's overtime wage was $57.69/hour.

23. In or about February, 2011, Plaintiff filed a Charge of Harassment and Discrimination with the DC Office of Human Rights, OHR Docket No.: 12-119-P(N) which case was cross filed with the EEOC Washington Field Office, Charge No. 10C-2012-00115.

24. The EEOC issues its Right to Sue letter on October 16, 2012.

## COUNT I
## VIOLATION OF THE CIVIL RIGHT ACT OF 1964

25. Plaintiff realledges all of the allegations contained herein.

26. Defendant has subjected Plaintiff to unequal terms and conditions of employment, discipline, harassment and discharge due to her race, African American and her color, black, in violation of Title VII of the Civil Rights Act of 1964.

27. Defendant terminated Plaintiff's employment because of her race, African American in violation of Federal law.

28. Plaintiff has suffered and continues to suffer harm and damages as a direct and proximate result of Defendant's unlawful actions.

## COUNT II
## VIOLATION OF THE DC HUMAN RIGHTS ACT DC CODE ANN. §2-1402.11, ET SEQ.

29. Plaintiff hereby realleges all of the allegations contained herein.

30. Defendant has subjected Plaintiff to unequal terms and conditions of employment, discipline, harassment and discharge due to her race, African American and her color, black, in violation of DC Code Ann. §2-1402.11, et seq., which specifically prohibits such actions by an employer.

31. Plaintiff has suffered and continues to suffer harm and damages as a direct and proximate result of Defendant's unlawful actions

## COUNT III
## RETALIATION

32. Plaintiff hereby realleges all of the allegations contained herein.

33. Both Title VII and the DC Human Rights act prohibit retaliation in response for engaging in protected activity, including complaining about harassment and discrimination.

34. Plaintiff complained to her superiors about instances of harassment and discrimination while employed by Defendant.

35. Plaintiff was terminated for engaging in protected activity.

36. Plaintiff has suffered and continues to suffer harm and damages as a direct and proximate result of Defendant's retaliation.

## COUNT IV
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 USC 201, ET SEQ.

37. Plaintiff hereby realleges all of the allegations contained herein.

38. Defendant classified Plaintiff as "exempt" specifically to avoid having to pay Plaintiff overtime for hours in excess of 40 that she worked each week.

39. At all times relevant to this action, Defendant was an enterprise engaged in commerce as defined by §203(s)(1) of the FLSA.

40. At all times relevant to this action, Defendant was an employer as defined by §203(d) of the FLSA.

41. At all times relevant to this action, Plaintiff was an employee as defined by §203(e)(1) of the FLSA and worked for Defendant in the United States.

42. The provisions set forth in §§206 and 207 of the FLSA apply to Defendant and Plaintiff.

43. At all times relevant to this action, Defendant employed Plaintiff as a non-exempt, hourly employee.

5

44. Plaintiff was not exempt and was entitled to be paid overtime for all hours in excess of 40 that she worked in any week.

45. Defendant has failed and refused to pay Plaintiff according the provision of the FLSA.

46. The systems, practices and duties required of Plaintiff, while employed at Defendant have existed for at least three years.

47. Defendant has been aware of the requirements of the FLSA and its regulations. Despite this knowledge, Defendant has failed and refused to pay its employees in accordance with the FLSA.

48. As a direct and proximate result of Defendant's violation of the FLSA, Plaintiff has suffered damages by failing to receive compensation due and owing to her pursuant to §207 of the FLSA.

49. In addition to the amount of unpaid wages and benefits due and owing to Plaintiffs, she is also entitled to recover an equal amount as liquidated damages pursuant to 29 U.S.C. §216(b), in addition to prejudgment interest on their damages.

50. Defendant's actions in failing to compensate Plaintiff and others similarly situated, in violation of the FLSA, were willful and intentional.

51. Defendant has not made a good faith effort to comply with the FLSA.

52. Plaintiff is entitled to an award of attorneys' fees pursuant to 29 U.S.C. §216(b).

## COUNT V
## VIOLATION OF THE DC MINIMUM WAGE ACT, DC CODE ANN. §32-1001, ET SEQ.

53. Plaintiff hereby realleges all of the allegations contained herein.

54. Defendant classified Plaintiff as "exempt" specifically to avoid having to pay Plaintiff overtime for hours in excess of 40 that she worked each week.

6

55. At all times relevant to this action, Defendant employed Plaintiff as a non-exempt, hourly employee.

56. Plaintiff was not exempt and was entitled to be paid overtime for all hours in excess of 40 that she worked in any week.

57. Defendant has failed and refused to pay Plaintiff according the provision of the FLSA.

58. The systems, practices and duties required of Plaintiff, while employed at Defendant have existed for at least three years.

59. Defendant has been aware of the requirements of the DC Minimum Wage Act and its regulations. Despite this knowledge, Defendant has failed and refused to pay its employees in accordance with the DC Minimum Wage Act.

60. Plaintiff is entitled to the amount of unpaid overtime wages, plus an amount of liquidated damages equal to her unpaid overtime, prejudgment interest and attorneys fees.

61. Plaintiff has suffered and continues to suffer harm and damages as a direct and proximate result of Defendant's violation of the DC Minimum Wage Act.

WHEREFORE, Plaintiff respectfully requests that Court:

A. Enter Judgment in favor of Plaintiff on Count I and award Plaintiff damages, including, but not limited to, back pay, front pay, compensatory damages and punitive damages in an amount not less than $1,000,000.00 as well as such equitable relief as this Court deems necessary;

B. Enter Judgment in favor of Plaintiff on Count II and award Plaintiff damages, including, but not limited to, back pay, front pay, compensatory damages and punitive damages

in an amount not less than $1,000,000.00 as well as such equitable relief as this Court deems necessary;

C. Enter Judgment in favor of Plaintiff on Count III and award Plaintiff damages, including, but not limited to, back pay, front pay, compensatory damages and punitive damages in an amount not less than $1,000,000.00 as well as such equitable relief as this Court deems necessary;

D. Enter Judgment in favor of Plaintiff on Count IV and award Plaintiff damages equal to her unpaid overtime, an additional amount of liquidated damages equal to the amount of her unpaid overtime, prejudgment interest and attorneys fees, in an amount not less than $1,000,000.00;

E. Enter Judgment in favor of Plaintiff on Count V and award Plaintiff damages equal to her unpaid overtime, an additional amount of liquidated damages equal to the amount of her unpaid overtime, prejudgment interest and attorneys fees, in an amount not less than $1,000,000.00;

F. Award Plaintiff all of her costs and expenses associated with this matter, including reasonable attorneys' fees; and

G. Grant such other and further relief as this Court deems necessary based upon the facts and circumstances of this case.

Respectfully Submitted,

_____
Neil S. Hyman, Esquire
DC Bar No. 465047
Law Office of Neil S. Hyman, LLC
4416 East West Highway, Suite 400
Bethesda, Maryland 20814
301-841-7105 (p)
301-986-1301 (f)
neil@neilhymanlaw.com
*Counsel for Plaintiff*

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

**Nicole Malloy**

vs

**Association of State & Territorial Solid Waste Management Officials**

Case Number: _____

Date: **Jan. 11, 2013**

☐ One of the defendants is being sued in their official capacity.

| Name: (Please Print) **Neil Hyman** | Relationship to Lawsuit |
|---|---|
| Firm Name: **Law Office of Neil S. Hyman, LLC** | ☒ Attorney for Plaintiff |
| Telephone No.: **301-841-7105**   Six digit Unified Bar No.: **465047** | ☐ Self (Pro Se)  ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury   ☒ 6 Person Jury   ☐ 12 Person Jury

Demand: $ **1,000,000**   Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____   Judge: _____   Calendar #: _____

Case No.: _____   Judge: _____   Calendar#: _____

---

NATURE OF SUIT:   *(Check One Box Only)*

**A. CONTRACTS**                                                                  **COLLECTION CASES**

☐ 01 Breach of Contract        ☐ 07 Personal Property             ☐ 14 Under $25,000 Pltf. Grants Consent
☐ 02 Breach of Warranty        ☐ 09 Real Property-Real Estate     ☐ 16 Under $25,000 Consent Denied
☐ 06 Negotiable Instrument     ☐ 12 Specific Performance          ☐ 17 OVER $25,000
☐ 15 Special Education Fees    ☐ 13 Employment Discrimination

**B. PROPERTY TORTS**

☐ 01 Automobile                ☐ 03 Destruction of Private Property    ☐ 05 Trespass
☐ 02 Conversion                ☐ 04 Property Damage                    ☐ 06 Traffic Adjudication
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process          ☒ 09 Harassment                ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection   ☐ 10 Invasion of Privacy           Not Malpractice)
☐ 03 Assault and Battery       ☐ 11 Libel and Slander         ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury ☐ 12 Malicious Interference  ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation) ☐ 13 Malicious Prosecution    ☐ 20 Friendly Suit
☐ 06 False Accusation          ☐ 14 Malpractice Legal         ☐ 21 Asbestos
☐ 07 False Arrest              ☐ 15 Malpractice Medical (Including Wrongful Death) ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                     ☐ 16 Negligence- (Not Automobile,  ☐ 23 Tobacco
                                    Not Malpractice)              ☐ 24 Lead Paint

---

SEE REVERSE SIDE AND CHECK HERE ☒ IF USED

CV-496/Aug 12

# Information Sheet, Continued

**C. OTHERS**

**I.**
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 04 Condemnation (Emin. Domain)
- ☐ 05 Ejectment
- ☐ 07 Insurance/Subrogation Under $25,000 Pltf. Grants Consent
- ☐ 08 Quiet Title
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 T.R.O./ Injunction
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 25 Liens: Tax/Water Consent Granted
- ☐ 26 Insurance/ Subrogation Under $25,000 Consent Denied
- ☐ 27 Insurance/ Subrogation Over $25,000
- ☐ 28 Motion to Confirm Arbitration Award (Collection Cases Only)
- ☐ 26 Merit Personnel Act (OHR)
- ☐ 30 Liens: Tax/ Water Consent Denied
- ☐ 31 Housing Code Regulations

**II.**
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-1519 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a) (1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

_/s/_ _____  
Attorney's Signature

_1/11/2013_  
Date