IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

NICOLE MALLOY                                          :
                                                       :
    Plaintiff,                                       :
                                                       :
v.                                                     : Civil Action No. 1:13-cv-00187
                                                       :
ASSOCIATION OF STATE AND TERRITORIAL :
SOLID WASTE MANAGEMENT OFFICIALS     :

## AMENDED COMPLAINT

Nicole Malloy, Plaintiff, by and through her undersigned counsel, hereby files her Amended Complaint against Association of State and Territorial Solid Waste Management Officials (ASTSWMO) for violation of 42 U.S.C. §1981, Retaliation and violation of the DC Minimum Wage Act and Fair Labor Standards Act (FLSA), and in support thereof, states as follows:

### PARTIES

1.  Plaintiff is an adult resident of the State of Maryland. At all times relevant to this cause of action, Plaintiff was an employee of Defendant in Washington, DC.

2.  Defendant ASTSWMO is a trade association with its primary place of business located in Washington, DC.

### JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over this action pursuant to 42 U.S.C. §1981 and the Fair Labor Standards Act.

4.  Venue is proper in this Court because Defendant maintains its principal place of business in the District of Columbia and all of the facts alleged herein occurred in the District of Columbia.

## FACTS OF THE CASE COMMON TO ALL COUNTS

5. Plaintiff, an African American female, was employed by Defendant from August 1991, through and including, December 6, 2011, when she was improperly terminated.

6. Plaintiff was employed in a number of different positions, her final position being that of Office Manager with an annual salary of $80,000.00.

7. Over the course of her employment, Plaintiff received consistently excellent performance evaluations and received a number of promotions and pay increases.

8. In July, 2009, Plaintiff complained to Mary Zdanowicz, Defendant's Executive Director, that she felt that she was being harassed due to her race.

9. In or about August, 2009, and in response to her complaint of harassment, Defendant placed Plaintiff on a Performance Improvement Plan (PIP).

10. In 2011, when one of Plaintiff's co-workers left the organization, her duties were distributed to Plaintiff and other co-workers. Plaintiff received a 2.5% pay increase for assuming these new duties, while Plaintiff's white co-workers received pay increases in excess of 15% for assuming new duties.

11. Plaintiff complained to Mary Zdanowicz about this pay disparity, yet no action was ever taken by Defendant to remedy Plaintiff's complaint.

12. At various times, Plaintiff complained to Cheryl Coleman, one of Defendant's board members, that she was being watched, singled out, pressured and treated differently by Mary Zdanowicz because of her race.

13. Plaintiff was suspended on December 6, 2011, received notice of her termination on January 11, 2012 with an effective termination date of January 13, 2012.

14. Defendant's decision to terminate Plaintiff was based upon intentional discrimination with Plaintiff's race (African American) being a motivating factor.

15. For at least the 3 years prior to Plaintiff's termination, Defendant classified Plaintiff as an exempt employee.

16. However, Plaintiff should have been classified as a non-exempt employee and paid overtime for any hours in excess of 40 that she worked in any pay period.

17. Defendant did not keep track of Plaintiff's work hours.

18. Plaintiff's normal working hours were from 9am-530pm.

19. Additionally, Plaintiff regularly worked until 7pm at least two or three days every week and regularly worked between 45-50 hours per week, without receiving any overtime compensation.

20. Plaintiff also regularly worked on weekends when needed.

21. Defendant failed to pay Plaintiff for any overtime that she worked, in violation of the Fair Labor Standards Act and the DC Minimum Wage Act.

22. Plaintiff's hourly wage was $38.46/hour.

23. Plaintiff's overtime wage was $57.69/hour.

24. In or about February, 2011, Plaintiff filed a Charge of Harassment and Discrimination with the DC Office of Human Rights, OHR Docket No.: 12-119-P(N) which case was cross filed with the EEOC Washington Field Office, Charge No. 10C-2012-00115.

25. The EEOC issues its Right to Sue letter on October 16, 2012.

## COUNT I
## VIOLATION OF 42 U.S.C. §1981

26. Plaintiff realledges all of the allegations contained herein.

27. Plaintiff had a contract of employment with Defendant.

28.     Defendant has interfered with Plaintiff's enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship by terminating Plaintiff's employment.

29.     Plaintiff's race, African American, was a motivating factor in Defendant's decision to terminate Plaintiff's employment, in violation of Federal law.

30.     Plaintiff has suffered and continues to suffer harm and damages as a direct and proximate result of Defendant's unlawful actions.

## COUNT II
## RETALIATION

31.     Plaintiff hereby realleges all of the allegations contained herein.

32.     42 U.S.C. §1981 prohibits retaliation in response for engaging in protected activity, including complaining about harassment and discrimination.

33.     Plaintiff complained to her superiors about instances of harassment and discrimination while employed by Defendant.

34.     Plaintiff was terminated for engaging in protected activity.

35.     Plaintiff has suffered and continues to suffer harm and damages as a direct and proximate result of Defendant's retaliation.

## COUNT III
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 USC 201, ET SEQ.

36.     Plaintiff hereby realleges all of the allegations contained herein.

37.     Defendant classified Plaintiff as "exempt" specifically to avoid having to pay Plaintiff overtime for hours in excess of 40 that she worked each week.

38.     At all times relevant to this action, Defendant was an enterprise engaged in commerce as defined by §203(s)(1) of the FLSA.

39. At all times relevant to this action, Defendant was an employer as defined by §203(d) of the FLSA and is covered by the FLSA.

40. At all times relevant to this action, Defendant charged its members for its services, thereby engaging in interstate commerce.

41. At all times relevant to this action, Defendant represented its members in DC in the nature of a lobbying organization.

42. At all times relevant to this action, Defendant planned and conducted large scale meetings and conferences, paying for conference space, food, lodging, travel expenses and other elements of conferences, thereby engaging in interstate commerce.

43. At all times relevant to this action, Plaintiff was an employee as defined by §203(e)(1) of the FLSA and worked for Defendant in the United States.

44. The provisions set forth in §§206 and 207 of the FLSA apply to Defendant and Plaintiff.

45. At all times relevant to this action, Defendant employed Plaintiff as a non-exempt, hourly employee.

46. Plaintiff was not exempt and was entitled to be paid overtime for all hours in excess of 40 that she worked in any week.

47. Defendant has failed and refused to pay Plaintiff according the provision of the FLSA.

48. The systems, practices and duties required of Plaintiff, while employed at Defendant have existed for at least three years.

49. Defendant has been aware of the requirements of the FLSA and its regulations. Despite this knowledge, Defendant has failed and refused to pay its employees in accordance with the FLSA.

50. As a direct and proximate result of Defendant's violation of the FLSA, Plaintiff has suffered damages by failing to receive compensation due and owing to her pursuant to §207 of the FLSA.

51. In addition to the amount of unpaid wages and benefits due and owing to Plaintiffs, she is also entitled to recover an equal amount as liquidated damages pursuant to 29 U.S.C. §216(b), in addition to prejudgment interest on their damages.

52. Defendant's actions in failing to compensate Plaintiff and others similarly situated, in violation of the FLSA, were willful and intentional.

53. Defendant has not made a good faith effort to comply with the FLSA.

54. Plaintiff is entitled to an award of attorneys' fees pursuant to 29 U.S.C. §216(b).

## COUNT IV
## VIOLATION OF THE DC MINIMUM WAGE ACT, DC CODE ANN. §32-1001, ET SEQ.

55. Plaintiff hereby realleges all of the allegations contained herein.

56. Defendant classified Plaintiff as "exempt" specifically to avoid having to pay Plaintiff overtime for hours in excess of 40 that she worked each week.

57. At all times relevant to this action, Defendant employed Plaintiff as a non-exempt, hourly employee.

58. Plaintiff was not exempt and was entitled to be paid overtime for all hours in excess of 40 that she worked in any week.

59. Defendant has failed and refused to pay Plaintiff according the provision of the FLSA.

60. The systems, practices and duties required of Plaintiff, while employed at Defendant have existed for at least three years.

61. Defendant has been aware of the requirements of the DC Minimum Wage Act and its regulations. Despite this knowledge, Defendant has failed and refused to pay its employees in accordance with the DC Minimum Wage Act.

62. Plaintiff is entitled to the amount of unpaid overtime wages, plus an amount of liquidated damages equal to her unpaid overtime, prejudgment interest and attorneys fees.

63. Plaintiff has suffered and continues to suffer harm and damages as a direct and proximate result of Defendant's violation of the DC Minimum Wage Act.

WHEREFORE, Plaintiff respectfully requests that Court:

A. Enter Judgment in favor of Plaintiff on Count I and award Plaintiff damages, including, but not limited to, back pay, front pay, compensatory damages and punitive damages in an amount not less than $1,000,000.00 as well as such equitable relief as this Court deems necessary;

B. Enter Judgment in favor of Plaintiff on Count II and award Plaintiff damages, including, but not limited to, back pay, front pay, compensatory damages and punitive damages in an amount not less than $1,000,000.00 as well as such equitable relief as this Court deems necessary;

C. Enter Judgment in favor of Plaintiff on Count III and award Plaintiff damages equal to her unpaid overtime, an additional amount of liquidated damages equal to the amount of her unpaid overtime, prejudgment interest and attorneys fees, in an amount not less than $1,000,000.00;

D. Enter Judgment in favor of Plaintiff on Count IV and award Plaintiff damages equal to her unpaid overtime, an additional amount of liquidated damages equal to the amount of her unpaid overtime, prejudgment interest and attorneys fees, in an amount not less than $1,000,000.00;

E. Award Plaintiff all of her costs and expenses associated with this matter, including reasonable attorneys' fees; and

F. Grant such other and further relief as this Court deems necessary based upon the facts and circumstances of this case.

Respectfully Submitted,


/s/Neil S. Hyman_____
Neil S. Hyman, Esquire
DC Bar No. 465047
Law Office of Neil S. Hyman, LLC
4416 East West Highway, Suite 400
Bethesda, Maryland 20814
301-841-7105 (p)
301-986-1301 (f)
neil@neilhymanlaw.com
*Counsel for Plaintiff*