## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                                        )
NICOLE MALLOY,                               )
                                                        )
                           Plaintiff,             )
                                                        )
             v.                                       )          Civil Action No. 13-187 (RBW)
                                                        )
ASSOCIATION OF STATE AND           )
TERRITORIAL SOLID WASTE           )
MANAGEMENT OFFICIALS,              )
                                                        )
                          Defendant.           )
_____)

## <u>MEMORANDUM OPINION</u>

Plaintiff Nicole Malloy brings this action against her former employer, the Association of

State and Territorial Solid Waste Management Officials, alleging, among other things, violations

of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1) (2006).  <u>See</u> Amended

Complaint ("Am. Compl.") ¶¶ 36-54.  Currently before the Court is the defendant's motion to

dismiss the plaintiff's FLSA claim.  Upon careful consideration of the parties' submissions,[1] the

Court concludes for the following reasons that the defendant's motion must be granted.

### I.  Background

The amended complaint contains the following pertinent allegations.  The defendant is a

trade association located in Washington, D.C.  Am. Compl. ¶ 2.  The plaintiff worked for the

defendant from August 1991 until her termination in December 2011.  <u>Id.</u> ¶ 5.  During her tenure

---

[1] In addition to those already identified, the Court considered the following submissions in rendering its decision: the Memorandum in Support of Association of State and Territorial Solid Waste Management Officials' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) ("Def.'s Mem."); the plaintiff's Opposition to Motion to Dismiss ("Pl.'s Opp'n"); and Defendant Association of State and Territorial Solid Waste Management Officials' Reply Brief in Support of its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1).

with the defendant, the plaintiff did not receive overtime pay when she worked more than forty hours a week.  Id. ¶¶ 19-21.

The plaintiff instituted this action following her termination.  Most pertinent here, Count III of her amended complaint alleges that the defendant failed to pay her overtime wages in violation of the FLSA.  Id. ¶¶ 36-54.  The defendant has now moved to dismiss the plaintiff's FLSA claim for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  Def.'s Mem. at 3.  As grounds for its motion, the defendant contends that it is not a covered entity under the FLSA.  Id.

## II. The Appropriate Procedural Basis for the Defendant's Motion

Although not disputed by the parties, a threshold question is whether FLSA coverage is a jurisdictional issue that is appropriately raised in a Rule 12(b)(1) motion.  "Employment may be covered under the [FLSA] pursuant to either 'individual' or 'enterprise' coverage."  Tony & Susan Alamo Found. v. Sec'y of Labor, 471 U.S. 290, 295 n.8 (1985); see 29 U.S.C. § 207(a)(1).  The plaintiff has invoked the "enterprise" theory of coverage, Am. Compl. ¶ 38, which applies to employers that are part of an "enterprise engaged in commerce or in the production of goods for commerce," § 207(a)(1).  The defendant asserts that it is not an "enterprise," and that it does not "engage in commerce."  Def.'s Mem. at 3.  It further claims, without citing any legal authority, that these elements of FLSA coverage are "jurisdictional prerequisites" for lawsuits brought under the statute.  Id. at 7.  The Court disagrees.

"[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character."  Arbaugh v. Y & H Corp., 546 U.S. 500, 516 (2006).  In other words, "[u]nless 'the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional,' such a limitation 'is an

element of a plaintiff's claim for relief, not a jurisdictional issue.'" Fernandez v.

Centerplate/NBSE, 441 F.3d 1006, 1009 (D.C. Cir. 2006) (quoting Arbaugh, 546 U.S. at 516).

In Arbaugh, the Supreme Court held that a provision of Title VII which defines the types of

employers covered by the statute was "not a jurisdictional issue" but instead "an element of a

plaintiff's claim for relief" because the provision "'does not speak in jurisdictional terms or refer

in any way to the jurisdiction of the district courts.'"  546 U.S. at 515-16 (citation omitted).

    Applying Arbaugh's bright line rule here, the Court concludes that enterprise coverage

under the FLSA is not jurisdictional.  This is because the FLSA provisions addressing enterprise

coverage contain no language suggesting that the limitation on coverage is jurisdictional.  See §§

207(a)(1), 203(s)(1)(A).  And in the absence of such language, the Court must treat enterprise

coverage as a substantive ingredient of the plaintiff's claim rather than a jurisdictional

prerequisite to her ability to bring this action.  See Chao v. Hotel Oasis, Inc., 493 F.3d 26, 33 (1st

Cir. 2007) (applying Arbaugh and holding that one of the requirements for enterprise coverage

under the FLSA—that the employer's "annual dollar value" exceed $500,000—is not

jurisdictional because the "FLSA places the . . . limitation in the definitions section of the Act,

and does not suggest that the . . . limitation is jurisdictional"); see also Fernandez, 441 F.3d at

1009 ("While the merits of Fernandez's FLSA claim turn on whether she was paid for hours

worked in excess of forty per week, nothing in the FLSA suggests that a failure to prove this

particular element of her cause of action requires a dismissal for lack of jurisdiction.").

Consequently, the appropriate procedural vehicle for the defendant's motion is not Rule 12(b)(1).

The Court will instead analyze the motion under Rule 12(b)(6).  See Peckmann v. Thompson,

966 F.2d 295, 297 (7th Cir. 1992) ("If a defendant's Rule 12(b)(1) motion is an indirect attack on

the merits of the plaintiff's claim, the court may treat the motion as if it were a Rule 12(b)(6)

motion to dismiss for failure to state a claim upon which relief can be granted."); <u>Highland Renovation Corp. v. Hanover Ins. Grp.</u>, 620 F. Supp. 2d 79, 82 (D.D.C. 2009) (after determining that affirmative defense raised in a 12(b)(1) motion was "substantive" and "not jurisdictional," treating the motion "as one brought under Rule 12(b)(6)"); <u>cf.</u> <u>EEOC v. St. Francis Xavier Parochial Sch.</u>, 117 F.3d 621, 624 (D.C. Cir. 1997) ("Although the district court erroneously dismissed the action pursuant to Rule 12(b)(1), we could nonetheless affirm the dismissal if dismissal were otherwise proper based on failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).").

Application of the Rule 12(b)(6) standard to the defendant's motion is complicated by the fact that both parties have submitted matters outside the pleadings along with their briefs.  <u>See</u> Def.'s Mem., Exhibit ("Ex.") A (Declaration of Mary Zdanowicz); Pl.'s Opp'n, Ex. 1 (the defendant's 2009 tax return).  As a general rule, if "matters outside the pleadings are presented to and not excluded by the court" on a Rule 12(b)(6) motion, "the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  But before a motion is so converted, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  <u>Id.</u>; <u>see</u> <u>Kim v. United States</u>, 632 F.3d 713, 719 (D.C. Cir. 2011) ("In converting the motion, district courts must provide the parties with notice and an opportunity to present evidence in support of their respective positions.").  This ensures that "summary judgment treatment would be fair to both parties."  <u>Tele-Commc'ns of Key West, Inc. v. United States</u>, 757 F.2d 1330, 1334 (D.C. Cir. 1985).

Because no discovery has occurred in this case, and because the legal issue of enterprise coverage depends on factual questions that have not been adequately developed at this early stage of the proceedings, the Court deems it premature to convert the defendant's motion to one

for summary judgment.  Accordingly, the Court will exclude and therefore not consider the extra-pleading materials submitted by the parties, and will analyze the defendant's motion under Rule 12(b)(6).

### III.  The Defendant's Motion to Dismiss

#### A.     Standard of Review

A Rule 12(b)(6) motion tests whether the complaint "state[s] a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A plaintiff receives the "benefit of all inferences that can be derived from the facts alleged."  Am. Nat'l Ins. Co. v. FDIC, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (internal quotation marks and citation omitted).  But raising a "sheer possibility that a defendant has acted unlawfully" fails to satisfy the facial plausibility requirement.  Iqbal, 556 U.S. at 678.  Rather, a claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  While the Court must "assume [the] veracity" of any "well-pleaded factual allegations" in the complaint, conclusory allegations "are not entitled to the assumption of truth."  Id. at 679.

#### B.     Enterprise Coverage under the FLSA

The overarching issue raised by the defendant's motion is whether the plaintiff has alleged sufficient facts to support a plausible claim of enterprise coverage under the FLSA. "[T]he existence of FLSA enterprise coverage is a two-step determination, and [a plaintiff] must ultimately prove both steps."  Jacobs v. New York Foundling Hosp., 577 F.3d 93, 99 n.7 (2d Cir.

2009).  First, the employer must be an "enterprise" under § 203(r)(1), and second, that enterprise

must be "engaged in commerce or in the production of goods for commerce" as defined in §

203(s).  Id.  The Court will address each requirement in turn.

      **1.**        **Is the Defendant an Enterprise?**

      The FLSA defines an "enterprise" as "the related activities performed (either through

unified operation or common control) by any person or persons for a common business purpose."

§ 203(r)(1) (emphasis added).  As the plaintiff concedes, the defendant is a non-profit entity.

Pl.'s Opp'n at 4.  "Generally, non-profit organizations that do not 'engage in ordinary

commercial activities,' or 'serve the general public in competition with ordinary commercial

enterprises,' operate without a 'business purpose' and therefore are not enterprises" under the

FLSA.  Jacobs, 577 F.3d at 97 (internal citations omitted).  But the FLSA "contains no express

or implied exception for commercial activities conducted by . . . nonprofit organizations."  Tony

& Susan Alamo Found., 471 U.S. at 296 (emphasis added).  "'Thus, where such organizations

engage in ordinary commercial activities, such as operating a printing and publishing plant, the

business activities will be treated under the Act the same as when they are performed by the

ordinary business enterprise.'"  Id. at 297 (quoting 29 C.F.R. § 779.214 (1984)).  In determining

whether a non-profit entity operates with a business purpose, courts examine "whether the non-

profit is primarily engaging in competition in the public with commercial enterprises."  Reagor v.

Okmulgee Cnty. Family Res. Ctr., 501 F. App'x 805, 809 (10th Cir. 2012) (emphasis added);

accord Kitchings v. Florida United Methodist Children's Home, Inc., 393 F. Supp. 2d 1282,

1294 (M.D. Fla. 2005); Briggs v. Chesapeake Volunteers in Youth Servs., Inc., 68 F. Supp. 2d

711, 715 (E.D. Va. 1999); Murray v. R.E.A.C.H. of Jackson Cty., Inc., 908 F. Supp. 337, 339

(W.D.N.C. 1995).

The plaintiff alleges that the defendant is an FLSA enterprise, despite its non-profit status, because it "charge[s] its members for its services," it "represent[s] its members in [the District of Columbia] in the nature of a lobbying organization," and it has "planned and conducted large scale meetings and conferences, paying for conference space, food, lodging, travel expenses and other elements of conferences."  Am. Compl. ¶¶ 40-42.  While these allegations show that the defendant spends and receives money and provides services for its members, they do not plausibly indicate that the defendant engages in these activities with a business purpose.  Specifically, the allegations do not support a reasonable inference that the defendant provides services to the general public for which it competes with other commercial enterprises, such that it could be deemed to have "enter[ed] the economic arena and traffick[ed] in the marketplace" and thus "subjected itself to the standards Congress has prescribed for the benefit of employees."  Tony & Susan Alamo Found., 471 U.S. at 294; see also Wagner v. Salvation Army, 660 F. Supp. 466, 468-69 (E.D. Tenn. 1986) (transient lodge was not an FLSA enterprise because it did not serve the general public or compete with private businesses).  The defendant does not qualify as a business-oriented entity merely because it pays for conferences attended by its members and charges its members for the services it provides.  See Kitchings, 393 F. Supp. 2d at 1294 n.28 ("The fact that an eleemosynary organization receives income in the form of fees or gifts does not itself render it a 'for profit' or 'business' enterprise.  Obviously, the organization will have expenses which must be offset by revenues from some source."); Genarie v. PRD Mgmt., Inc., No. 04-2082, 2006 WL 436733, at *8 (D.N.J. Feb. 17, 2006) ("Charging a fee for services does not necessarily render a non-profit corporation a 'business enterprise' under the FLSA.").  At most, the amended complaint indicates that the defendant is a non-profit trade association that provides some undefined set of services to a niche group (state

and territorial solid waste management officials) rather than the general public.  Because these allegations do not give rise to a reasonable inference that the defendant operates with a business purpose and thus is an FLSA enterprise, the plaintiff has failed to state a plausible claim under the FLSA.  Accordingly, the defendant's motion to dismiss the plaintiff's FLSA claim will be granted.

> **2.      Does the Defendant Engage in Commerce?**

Even assuming the plaintiff had sufficiently pleaded the "enterprise" element of her FLSA claim, her allegations would fail under the second prong of enterprise coverage, which requires her to show that the defendant is an enterprise "engaged in commerce or in the production of goods for commerce." § 207(a)(1).  The FLSA defines this phrase to include an enterprise (1) that "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," and (2) "whose annual gross volume of sales made or business done is not less than $500,000."  § 203(s)(1)(A)(i)-(ii).  Here, the amended complaint offers not even a bare allegation that the defendant's "annual gross volume of sales made or business done is not less than $500,000." Id.  Although the plaintiff seeks to provide information concerning this requirement of enterprise coverage in her opposition brief, "'[i]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.'"  McManus v. Dist. of Columbia, 530 F. Supp. 2d 46, 74 n.25 (D.D.C. 2007) (citation omitted).  Thus, for this additional reason, the plaintiff's FLSA claim must be dismissed.

## IV.  Conclusion

For the foregoing reasons, the defendant's motion to dismiss is granted, and the

plaintiff's FLSA claim is dismissed without prejudice.[2]

**SO ORDERED** this 26th day of July, 2013.[3]

REGGIE B. WALTON
United States District Judge

---

[2] The Court deems dismissal without prejudice appropriate because the plaintiff could conceivably amend her complaint to state a plausible FLSA claim.  See Firestone v. Firestone, 76 F.3d 1205, 1209 (D.C. Cir. 1996) ("[D]ismissal with prejudice is warranted only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.").

[3] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.